UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MARBLE BREWERY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:10-CV-484 |
| ) | (PHILLIPS/GUYTON) |
| V. ) | |
| ) | |
| MARBLE CITY BREWING COMPANY, LLC, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the order of the District Judge [Doc. 17] referring Plaintiff's Motion to Restrict Extrajudicial Party Statements and to Sanction Marble City Brewing Company, LLC [Doc. 15] to the undersigned for disposition or report and recommendation as may be appropriate.

In the Motion to Restrict Extrajudicial Party Statements and to Sanction Marble City Brewing Company, the Plaintiff moves the Court to enter an order preventing Marble City and its employees, agents, and affiliates, from making prejudicial, extrajudicial statements, whether written or oral, in the form of press releases, interviews, statements, internet postings, or other media concerning the matters presently before this Court in this case." [Doc. 15 at 1]. Pursuant to Local Rule 83.2, Plaintiff moves the Court to issue an order prohibiting the Defendant from making "additional prejudicial, extrajudicial statements concerning the present litigation." [Doc. 16 at 11, 14].

In support of this request, the Plaintiff argues that the Defendant's officers and agents have made statements about this litigation to local media and in online forums, in bad faith, to

taint the local jury pool. The Plaintiff alleges that many of these statements relate to details of a mediation that the parties engaged in on July 7, 2011, [Doc. 16 at 4-5], despite the parties' having entered into a Mediation Agreement stating, "The parties understand and agree that the entire mediation process is confidential and that offers, promises, statements, whether oral or written, made in the course of the mediation by any of the parties, their agents, employees, experts and attorneys and by the Mediator for the purpose of the settlement negotiations are confidential." [Doc. 16-5].

>Local Rule 83.2 states:
>
>> No lawyer or law firm associated with a civil action shall, during its investigation or litigation, make or participate in making an extrajudicial statement, other than a quotation from or reference to public records, which a reasonable person would expect to be disseminated by means of public communication if there is a reasonable likelihood that such dissemination will interfere with a fair trial and if such dissemination relates to:
>>
>> (1) evidence regarding the occurrence or transaction involved;
>>
>> (2) the character, credibility, or criminal record of a party, witness, or prospective witness;
>>
>> (3) the performance or results of any examinations or tests or the refusal or failure of a party to submit to such;
>>
>> (4) the attorney's opinion as to the merits of the claims or defenses of a party, except as required by law or administrative rule; and
>>
>> (5) any other matter reasonably likely to interfere with a fair trial of the action.

E.D. Tenn. L.R. 83.2(a). Further, Local Rule 83.2 directs that, in widely publicized or sensational civil cases, the Court "may issue a special order governing such matters as extrajudicial statements by parties and witnesses likely to interfere with the rights of the parties . . . to a fair trial by an impartial jury . . . ." E.D. Tenn. L.R. 83.2(c).

The Motion to Restrict and to Sanction and its Memorandum in Support [Docs. 15, 16] were filed on March 9, 2012. The Defendant has not responded in opposition to the motion, and the Defendant's time for responding to these motion under Local Rule 7.1(a) has now expired. Pursuant to Local Rule 7.2, "Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought." E.D. Tenn. L.R. 7.2; see also Campbell v. McMinn County, Tenn., 2012 WL 369090 (E.D. Tenn. 2012) (Curtis, C.J.) ("Plaintiff's failure to respond effectively waives any objections that he may have had on this matter.")

Based upon the evidence before it, including the Defendant's apparent acquiescence to the relief sought, the Court finds that the Motion to Restrict and to Sanction **[Doc. 15]** is well-taken, in part, and it is **GRANTED IN PART** and **DENIED IN PART**. The Motion to Restrict and to Sanction is **GRANTED**, as follows:

1. The Court **FINDS** that the Defendant, through its officers and agents, has **VIOLATED** Local Rule 83.2;

2. The Court hereby **ADMONISHES** the Defendant, its employees, officers, agents, and affiliates to comply wholly and completely with the Local Rules of the Eastern District of Tennessee, including Local Rule 83.2, during the pendency of this litigation;

3. The Court hereby **ADMONISHES** the Defendant, its employees, officers, agents, and affiliates that they shall abide by all agreements entered into as part of this litigation, including the Mediation Agreement and its confidentiality provision; and

4. The Defendant, its employees, officers, agents, and affiliates are hereby **WARNED** and given **NOTICE** that should the

Defendant, its employees, officers, agents, and affiliates fail to comply, to any degree, with any portion of this Order, the Court will **FIND** that the Defendant has acted in bad faith in conducting this litigation, and the Court will issue sanctions, which may include assessing fees and costs, excluding evidence or defenses, or entering judgment in favor of the Plaintiff in this matter.[1]

To the extent the Plaintiff's requests for relief in the Motion to Restrict and to Sanction exceed the relief granted above, they are **DENIED**.

**IT IS SO ORDERED.**

ENTER:

<u>    s/ H. Bruce Guyton</u>
United States Magistrate Judge

---

[1] "Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 43 (1991) (quoting <u>Anderson v. Dunn</u>, 6 Wheat. 204, 227 (1821)). "A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." <u>Chambers</u>, 501 U.S. at 44-45.